281 So.2d 793 (1973)
Earl G. MEIER, Plaintiff and Appellant,
v.
HARDWARE MUTUAL CASUALTY COMPANY, Defendant and Appellee.
No. 4260.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Domengeaux & Wright, by Jack C. Frugé, Jr., Lafayette, for plaintiff and appellant.
Voorhies & Labbe by Patrick A. Juneau, Jr., Lafayette, for defendant and appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
*794 CULPEPPER, Judge.
Plaintiff seeks damages resulting from the collapse of a defective gin pole, constructed for him by the defendant, Guidry Iron Works, Inc. Guidry's insurer, Hardware Mutual Casualty Company, filed a motion for summary judgment on the grounds that it has no coverage since its policy excludes products liability and completed operations hazards. From a judgment granting this motion, plaintiff appealed.
Plaintiff's petition alleges the following facts: Plaintiff is a rig builder. He contracted with defendant, Guidry Iron Works, Inc., to construct an aluminum gin pole. Shortly after the gin pole was completed and delivered, it collapsed while being used within the limits of its warranted capacity. As a result, plaintiff received personal injuries and suffered property damages.
The alleged acts of negligence by Guidry Iron Works, Inc. are itemized in plaintiff's petition as follows:
"a) In failing to adequately construct said ginpole and specifically, negligently failed to properly and adequately weld the component parts of said ginpole, so as to allow same to break
"b) In negligently advising petitioner that said ginpole had been properly and safely constructed
"c) In failing to inspect and/or adequately inspect and/or test said ginpole prior to delivering it to petitioner for use
"d) In otherwise failing to do what it should have done, or in doing what it should not have done so as to cause the aforedescribed accident."
The defendant insurer, Hardware Mutual Casualty Company, filed a motion for summary judgment on the grounds that its policy excludes completed operations and products liability hazards and hence excludes coverage of the damages sought. A copy of the policy attached to the motion for summary judgment contains an endorsement which states:
"THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF THE POLICY RELATING TO COMPREHENSIVE GENERAL LIABILITY INSURANCE
"It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage included within the Completed Operations Hazard or the Products Hazard."
The policy defines completed operations hazards as follows:
"`completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith."
No other pleadings or documents were filed in support of or in opposition to the motion for summary judgment. Under LSA-C.C.P. Article 966, the district judge found there was no genuine issue as to material fact and that the defendant insurer was entitled to summary judgment as a matter of law.
A mere reading of the acts of negligence alleged on the part of Guidry Iron Works shows they fall within the completed operations hazard and are thus excluded from coverage. The bodily injury and property damage arose out of Guidry's operations in constructing the gin pole, or from plaintiff's reliance upon Guidry's representations and warranties with respect to the gin pole. The bodily injury and property *795 damage occurred after the construction of the gin pole was completed and away from the premises of Guidry.
The sole authority relied on by plaintiff is Cooling v. United States Fidelity & Guaranty Company, 269 So.2d 294 (La.App. 3rd Cir. 1973). In that case Cooling had on many occasions sold diesel engines and furnished other services to Luke Fruge. Cooling knew the engine was to be used in oilfield operations and should have warned Fruge to install a flame-arresting muffler, automatic cut-off switch and other safety devices to protect against igniting oil and gas fumes. A fire occurred when gas fumes which had accumulated in the area were ignited by the diesel engine. Cooling's insurer refused to defend on the basis that this was a completed operations hazard, which was excluded under the policy. The court held:
"We find as did the trial court, that the alleged negligence under the peculiar facts of this case wherein there is neither a defective product sold nor faulty workmanship involved, is of a nature other than either sale or service as characterized by defendant. It is rather in the nature of a general risk of doing business which is the sort of risk which motivated Cooling to buy comprehensive liability insurance."
The Cooling case is distinguished. In Cooling there was no defect in the diesel engine, nor was there faulty workmanship in any of the operations furnished. The court was careful to point this out, because if the damages had resulted from either a defect in the engine or other faulty workmanship furnished, they would clearly have been excluded. In the present case, unlike Cooling, the damages resulted from a defect in the product constructed and sold.
In the alternative, and in the event we find no error in the summary judgment, plaintiff requests we remand this case to permit him to amend his petition so as to come within the holding in Cooling. At the outset, we note that LSA-C.C.P. Article 934, the statutory basis for plaintiff's motion to remand, applies only to peremptory exceptions. The article does not apply to summary judgments. Furthermore, even if we did remand this case, plaintiff could not amend his petition so as to come within the holding in Cooling. The basic difference between Cooling and the present case is that in Cooling there was no defect in the product sold or the operations furnished, while in the present case the damages sought are clearly the result of a defect in the construction of the gin pole. Hence, the damages sought here fall within the completed operations hazard and are excluded. The motion to remand is denied.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed to the plaintiff appellant.
Affirmed.