387 So.2d 652 (1980)
Johnnie ADKINS, Wife of Jesse W. Adkins
v.
LA TERRE DEVELOPMENT CORPORATION, Tenneco Oil Company, the Travelers Insurance Company and James H. Eunice d/b/a Sign Erection Company.
No. 13484.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*653 Herman N. Young, Houma, for James Eunice.
James Eunice, in pro. per.
Byron M. UnKauf, New Orleans, for plaintiffs and appellees.
James L. Selman, II, New Orleans, for defendants and appellees.
Robert D. Morvant, Thibodaux, for third-party plaintiff and appellee Convenience Centers, Inc.
Paul R. Bencomo, New Orleans, for third-party defendant and appellee Houston Gen. Ins. Co.
Bruce M. Horack, New Orleans, for third party defendant.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This personal injury litigation is before us on a summary judgment relieving Houston General Insurance Company (Houston), insurer of one of the defendants, Sign Erection Company (Sign), from liability and from its duty to defend based on an exclusionary clause in the policy. Sign brings this appeal.
The plaintiff, Johnnie Adkins, stepped into a hole in front of a shopping center in Houma, Louisiana on February 23, 1976. Plaintiff claims the defendant, Sign, negligently failed to fill the hole some 11 months earlier following removal of a store sign from one part of the shopping center to another. Sign brought Houston into the litigation on a third party demand, alleging coverage for any liability on the part of Sign under a "Manufacturers' and Contractors' Liability Insurance Policy." Houston denied coverage based on the "completed operations" exclusion of its policy. The trial judge agreed with Houston, denied coverage under the policy and dismissed the third party demand on motion for summary judgment.
The title of the policy in question is "Manufacturers' and Contractors' Liability Insurance Coverage for Premises and for the Named Insured's Operations in Progress."
Under the general language of the policy, Houston agreed to pay for bodily injury and property damage which the insured became legally obligated to pay as a result of an "occurrence." However, coverage under the policy did not apply, according to exclusion (p), "to bodily injury or property damage included within the completed operations hazard or the products hazard[.]"
The definitions portion of Houston's policy states:
"Completed operations hazard includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. `Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
"(1) When all operations to be performed by or on behalf of the named insured under the contract have been completed.
"(2) When all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
"(3) When the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
"Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are *654 otherwise complete, shall be deemed completed."
The question before this court is whether the operation had been completed prior to the injury complained of.
Defendant-appellant, Sign, relies heavily on the case of Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958). This case has been distinguished by this court in Mut v. Newark Insurance Company, 289 So.2d 237 (La. App. 1st Cir. 1974), wherein we pointed out that as a result of Kendrick, insurers rewrote their insurance policies to alleviate the ambiguity existing in the completed operations hazard exclusion. For cases applying the "completed operations hazard" exclusion see: West Brothers of DeRidder, Louisiana, Inc. v. Morgan Roofing Company, Inc., 376 So.2d 345 (La.App. 3rd Cir. 1979); Aetna Casualty and Surety Company v. Rothman, 331 So.2d 81 (La.App. 1st Cir. 1976); and Meier v. Hardware Mutual Casualty Company, 281 So.2d 793 (La.App. 3rd Cir. 1973).
As mentioned above, this matter was resolved on a motion for summary judgment. There is no factual dispute that the operation had been completed sometime prior to the injury. Therefore, in the absence of a genuine issue of material fact, summary judgment must be granted if mover is entitled to judgment as a matter of law. La.C. C.P. art. 966.
This court is convinced that the only insurance Sign purchased other than automobile liability insurance was "Manufacturers' and Contractors' Liability Insurance Coverage for Premises and for the Named Insured's Operations in Progress." Sign did not purchase "completed operations hazard" coverage as above defined. Completed operations insurance affords coverage "if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from the premises owned by or rented to the named insured." Since the "bodily injury" occurred after the operation had been completed, and completed operations coverage was not purchased, we conclude the trial judge was correct. Additionally, since the policy excludes coverage, there is no duty to defend.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.