404 So.2d 1311 (1981)
STATE FARM FIRE AND CASUALTY COMPANY and Patricia C. Moore, Plaintiffs-Appellees,
v.
Roy D. AVANT, Roger Sanderson, Defendants-Appellants, and
The Maryland Casualty Company, Appellee.
No. 14646.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1981.
Guerriero, Smith, Hingle & Anzalone by Joseph D. Guerriero, Monroe, for defendant-appellant, Roger Sanderson.
Johnson, Johnson & Johnson by Neal G. Johnson, Monroe, for plaintiffs-appellees, State Farm Fire and Cas. Co. and Patricia C. Moore.
Theus, Grisham, Davis & Leigh by Brian E. Crawford, Monroe, for appellee, The Maryland Cas. Co.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
The question presented by this appeal is whether the comprehensive general liability insurer of one of the defendants was properly granted a summary judgment on the basis that the policy issued to its insured, Roger Sanderson, excluded coverage for the insured's alleged acts of negligence under the completed operations hazards exclusion contained in the policy. Finding that the summary judgment was properly granted, we affirm.
Appellant, Roger Sanderson, a brick mason, built a fireplace in a new home over and in close proximity to a wooden beam, and as a result of the defective design and construction a fire occurred resulting in some $40,000 in property damage. The homeowner and her fire insurer sued to recover the fire loss and included among defendants were Sanderson and his comprehensive general liability insurer, The Maryland Casualty Co.
The house was built in 1978, and the fire occurred February 4, 1980, long after the completion of the construction. Appellant's *1312 liability policy excluded from coverage completed operations and product hazards, and because the fire here occurred after the completion of the work the insurer filed a motion for summary judgment which was granted, and it is this judgment that is here appealed.
The comprehensive general liability insurance policy issued to Sanderson by Maryland Casualty contains the following exclusion:
"It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage included within the Completed Operations Hazard or the Products Hazard."
Both completed operations hazard and products hazard are defined in the policy:
"`completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. `Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
"(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
"(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
"(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
"Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed."
"`products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others...."
The coverages provided by appellant's policy were designed to cover appellant's liability for losses which occur during the actual period of construction. Where completed operations and products hazards are excluded from coverage as they were in appellant's policy, losses which occur subsequent to completion of the construction are not covered. See: Adkins v. La Terre Development Corp., 387 So.2d 652 (La.App. 1st Cir. 1980); West Bros. of DeRidder, La. v. Morgan Roofing, 376 So.2d 345 (La.App. 3d Cir. 1979); Aetna Casualty & Surety Co. v. Rothman, 331 So.2d 81 (La.App. 1st Cir. 1976).
Appellant relies upon Cooling v. United States Fidelity and Guaranty Co., 269 So.2d 294, writ denied 272 So.2d 373 (La.1973) and Templet v. Goodyear Tire & Rubber Co., Inc., 341 So.2d 1248 (La.App. 1st Cir. 1976), to support his contention that a motion for summary judgment should not have been granted for the reason that the exclusions in the policy are inapplicable to the cause of action asserted by plaintiffs which is partially based upon an allegation that Sanderson failed to warn plaintiffs of the dangerous defect in the design and construction of the fireplace due to its proximity to the wooden floor joist.
The trial court properly rejected appellant's contention because neither of the cases relied upon by him involved defective construction of the product causing the loss, but rather each case involved a failure to warn of a dangerous use of a properly constructed product.
In Templet, supra, wherein the court found that the failure to warn of the danger *1313 of installing a tire from the wrong side of a rim did not fall within the exclusionary language of completed operations, the court specifically recognized that there was no defect in the manufacture of the product.
In Cooling, supra, which involved a failure to warn of the need for safety devices on an engine sold by the insured, the court stated:
"We find as did the trial court, that the alleged negligence under the peculiar facts of this case wherein there is neither a defective product sold nor faulty workmanship involved, is of a nature other than either sale or service as characterized by defendant. It is rather in the nature of a general risk of doing business which is the sort of risk which motivated Cooling to buy comprehensive liability insurance."
The exclusionary clauses here involved were properly interpreted in Oceanonics, Inc. v. Petroleum Distributing Company, 280 So.2d 874 (La.App.3d Cir. 1973), affirmed 292 So.2d 190 (La.1974); and Mut v. Newark Insurance Company, 289 So.2d 237 (La.App. 1st Cir. 1973), writ denied 290 So.2d 910 and 912 (La.1974), both of which hold that a loss such as that presented in this case would be included in the completed operations definition and would be excluded from coverage. In Mut and Oceanonics, the court specifically held that the failure to warn of defective workmanship is included within the completed operations exclusion. In Oceanonics, where a boom collapsed three months after completion of faulty welding work on the boom, the court said:
"We believe that the exclusion of completed operations hazard from the general liability coverage provision in the All-Star policy, had the effect of excluding from coverage the claim asserted against Taylor's based on allegations that its employee had failed to warn Pedco of the defective weld and of the inability of the crane to lift its rated capacity."
In Mut, a wall collapsed after completion of faulty construction. The court approved the holding in Oceanonics as follows:
"... In effect Oceanonics held that failure to warn of defective workmanship falls within the ambit of completed operations hazard where damage from such failure results after the work is completed. We agree ...."
Here, the property damage which was sustained after completion of the work and which allegedly arose out of the brick mason's faulty design and workmanship and failure to warn of such falls squarely within the definition of the exclusionary completed operations hazard clause, and coverage is excluded.
Appellant also argues that summary judgment was not proper because there are disputed issues of fact as to whether the general contractor or the brick mason did certain parts of the work relative to the fireplace construction. These disputed issues of fact may have a bearing on the contractor's and subcontractor's liability to plaintiffs or their relationship to each other, but have no bearing on the issue of insurance coverage by the subcontractor's insurer.
The summary judgment is affirmed at the cost of appellant, Roger Sanderson.
Affirmed.