465 So.2d 202 (1985)
Lela Naquin MOREAU, et al., Plaintiffs,
v.
Raymond MORAN, et al., Defendants.
No. 84-798.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Guglielmo, Lopez & Tuttle, John L. Walker, Opelousas, for defendants-relators.
F. Barry Marionneaux, Plaquemine, for plaintiffs-respondents.
Vyrona M. Wiltz, Krotz Springs; E. Buddy Thompson, and Taylor, Porter, Brooks & Phillips, John I. Moore, Baton Rouge; Brinkhaus, Dauzat & Falgoust, Jimmy L. Dauzat, Opelousas; Robert R. McBride, Lafayette; John W. Munsterman of Gist, Methvin, Hughes & Munsterman, Alexandria, for respondents.
Before DOUCET, YELVERTON and KING, JJ.
YELVERTON, Judge.
This case is before us on remand from the Louisiana Supreme Court. 459 So.2d 528. We granted a writ and ordered the trial court to grant summary judgment to Zurich-American Insurance Company, dismissing it from the suit. The Supreme *203 Court reversed our decision, and remanded the case to us for briefing, argument, and opinion. We have heard the case, and adhere to our original opinion.
We regard the issues as: (1) whether this court has supervisory jurisdiction over this matter, and (2) if so, whether Zurich is entitled to summary judgment as a matter of law.
Bob Smallen's Mobile Homes, Inc., allegedly negligent or at fault, was one of numerous defendants in a wrongful death action brought by the survivors of Jewell Moreau, who was electrocuted on June 19, 1982, when he came into contact with the exterior wall of a mobile home.
Bob Smallen's filed a third party demand against Zurich, claiming it was its primary insurance carrier under a comprehensive general liability policy. Zurich filed a motion for summary judgment on the basis that the policy excluded coverage. The trial court denied the motion. We granted Zurich's application for supervisory writs from that interlocutory judgment, reversing the trial court, entering judgment granting Zurich's motion, and dismissing it from the suit.
The summary judgment evidence consisted of a copy of the policy Zurich issued to Bob Smallen's. The policy did not provide coverage for the following "hazards":
"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.
(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
The completed operations hazard does not include bodily injury or property damage arising out of
(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof.
(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or
(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";
"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;
Zurich disputes none of the allegations of the plaintiffs' petition. Randall Miller was the owner of the mobile home at the time of the injury. He had purchased the mobile home from Bob Smallen's. As part of the purchase agreement, Bob Smallen's included in the sale of the mobile home a Whirlpool washer and dryer already installed *204 before delivery of the home to Miller. The petition alleges Bob Smallen's was negligent, or at fault, as follows:
"6.
"The owners of the trailer had purchased the mobile home from Bob Smallen. Bob Smallen acted as a manufacturer of the mobile home when it installed a dryer as a component part of the trailer. The dryer was miswired when it was installed and this improper wiring resulting in the exterior of the wall of the mobile home becoming electrified.
"7.
"Bob Smallen is strictly liable to petitioners as a manufacturer of the mobile home and as the installer of the dryer as a component part of mobile home. The trailer contained a latent defect in that the improper installation and wiring of the dryer made the product unreasonably dangerous in normal use and resulted in the death of a bystander. Bob Smallen is also strictly liable for not providing adequate warnings and instructions to the ultimate user of the dryer which would have put the user on notice of the dangers of an improperly installed dryer.
"8.
"As a result of Bob Smallen's negligence in improperly wiring the dryer, it is liable for damages herein alleged for, although not limited to, the following acts:
A. Failing to properly install the dryer in the mobile home;
B. Failing to properly wire the dryer in the mobile home;
C. Failing to warn of the consequences and dangers of an improperly wired dryer in a mobile home;
D. Other negligent acts to be proven at trial."
In a supplemental and amending petition plaintiffs alleged additionally:
"10.
"Randall Miller purchased the mobile home from Bob Smallen's. As part of the purchase agreement, Bob Smallen's included in the sale of the mobile home a Whirlpool washer and dryer already installed within the mobile home before delivery of the mobile home. As a result of Bob Smallen's negligence, imprudence, and want of care in failing to properly install the dryer with the proper wiring procedure, it is liable for the damage herein alleged for, although not limited to, the following acts:
"A. Failing to properly install the dryer in a safe condition within the mobile home;
"B. Failing to properly wire the dryer within the mobile home;
"C. Failing to follow the manufacturer's instructions, however inadequate, describing the installation of the dryer;
"D. Failing to warn of the consequences and dangers of an improperly installed and improperly wired dryer within a mobile home of which a reasonably prudent retailer/installer/repairman should have known.
"E. Failing to promptly and adequately respond to the call for service made by Randall Miller on the date of June 19, 1982."

SUPERVISORY JURISDICTION
This court has supervisory jurisdiction. As stated in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981):
"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. In cases in which peremptory exceptions are overruled, appellate courts generally do not exercise supervisory jurisdiction, since the exceptor may win on the merits or may reurge the exception on appeal.
"This general policy, however, should not be applied mechanically. When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency *205 and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. See Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978)." (footnote omitted.)
It is also appropriate to exercise supervisory jurisdiction and reverse an incorrect ruling that a party is not entitled to summary judgment, thereby putting an end to the litigation. Millet v. Scallan, 450 So.2d 658 (La.1984).

THE MOTION FOR SUMMARY JUDGMENT
The accident happened after the mobile home was placed in possession of the new owner and removed from the premises of Bob Smallen's. Also, the work of installing the dryer was completed before delivery to the new owner. The accident was apparently caused by a faulty washer-dryer electrical connection or some other faulty electrical connection. The liability insurance policy at issue encompasses only "comprehensive general liability" and does not include "completed operations hazard", or "products hazard" as defined in the policy, since Bob Smallen's did not purchase these coverages.
In State Farm Fire & Cas. Co. v. Avant, 404 So.2d 1311 (La.App. 2nd Cir.1981), the insurance policy at issue contained both a "completed operations hazard" and a "products hazard" exclusion practically identical to that in the instant case. That court interpreted those provisions as follows:
"The coverages provided by appellant's policy were designed to cover appellant's liability for losses which occur during the actual period of construction. Where completed operations and products hazards are excluded from coverage as they were in appellant's policy, losses which occur subsequent to completion of the construction are not covered. See: Adkins v. La Terre Development Corp., 387 So.2d 652 (La.App. 1st Cir.1980); West Bros. of DeRidder, La. v. Morgan Roofing, 376 So.2d 345 (La.App. 3d Cir. 1979); Aetna Casualty & Surety Co. v. Rothman, 331 So.2d 81 (La.App. 1st Cir. 1976.)"
In Avant, supra, a brickmason built a fireplace in a new home in close proximity to a wooden beam, and as a result of the defective design and construction a fire occurred resulting in property damage. The homeowner and her fire insurer sued to recover the fire loss, and included among defendants the brickmason and his comprehensive general liability insurer. The fire occurred after the completion of the construction. The comprehensive liability insurance policy issued to the brickmason excluded from coverage completed operations and products hazards, and because the fire occurred after the completion of the work the insurer filed a motion for summary judgment which was granted by the trial court. On appeal the court affirmed, finding as a matter of law that coverage was excluded since
"[T]he property damage which was sustained after completion of the work and which allegedly arose out of the brick mason's faulty design and workmanship and failure to warn of such falls squarely within the definition of the exclusionary completed operations hazard clause...."
In the present case, the accident happened after the completion of the work and after Bob Smallen's had delivered possession of the home to the new owners. The accident which allegedly arose out of Bob Smallen's improper installation of wiring and failure to warn, falls squarely within the definition of the exclusionary "completed operations hazard" clause, and coverage is excluded. Therefore, no material issue of fact was present, and the trial court erred in not granting Zurich's motion for summary judgment.
In its written reasons for denying Zurich's motion for summary judgment, the trial court also held that under the "Supplementary Payments" section of the policy, Zurich was obligated to defend Bob Smallen's *206 in the lawsuit, or at least to pay his attorney's fees, since the duty owed extends to "any suit". Conversely, Zurich argues that it is obligated to defend only those lawsuits against its insureds for which it is liable or for which the policy does not exclude coverage.
It is well-settled that the insurer's obligation to defend lawsuits brought against its insured is broader than the insurer's liability; thus, the insurer is obligated to defend the insured unless the plaintiff's petition unambiguously excludes coverage. Michel v. Ryan, 373 So.2d 985 (La.App. 3rd Cir.1979), writ denied, 376 So.2d 319 (La.1979), Brummerloh v. Fireman's Ins. Co. of Newark, 377 So.2d 1301 (La.App. 3rd Cir.1979). However, in this case, the allegations of the plaintiffs' petition unambiguously show that the policy is inapplicable, since the plaintiffs admit in their petition that Bob Smallen's operations were completed at the time the plaintiffs' decedent was electrocuted. Thus, Zurich is clearly not liable to defend Bob Smallen's.
For these reasons, the trial court's judgment denying the third party defendant-relator's motion for summary judgment is hereby reversed and set aside, the motion is granted, and the third party demand against Zurich-American Insurance Company is dismissed.
WRIT GRANTED AND MADE PEREMPTORY.