ON REHEARING
PER CURIAM.
Applicants, Colby Duplin, Thomas P. Gir-ouard, and Mako Twins, Incorporated (hereinafter Mako’s), have requested a rehearing on this court’s judgment granting summary judgment in favor of Nautilus Insurance Company as to all causes of action in the instant consolidated actions. In response, this court renders the following clarification of its earlier ruling.
The damages sought in this matter allegedly were caused by the fact that a minor, Tyler Hebert, while under the influence of alcohol, was operating a vehicle. This court has found that, as a matter of law, for Mako’s to be held accountable in this situation, Mako’s would have to be found liable due to its being in the business of selling and serving alcohol. The relationship between the intoxication of the minor and Mako’s business is a direct connection *147 to any potential liability on the part of Mako’s. Therefore, any allegations as to the liability of Mako’s being based on wrongful entry, improper supervision of minors, etc., are irrelevant in regards to the coverage provided to Mako’s by Nautilus.
Turning to the policy, exclusion (h)(1) clearly applies to this situation. As discussed above, this court has found that, as a matter of law, Mako’s can only be held liable as an organization involved in the selling and serving of alcoholic beverages. Exclusion (h)(1) precludes coverage by Nautilus in this matter. Therefore, there is no reason to reach the provisions of exclusion (h)(2) as liability can only be assessed due to Mako’s business. Accordingly, the products hazard exclusion is inapplicable since the policy exclusions apply to the products hazard provisions under the clear and unambiguous words of that endorsement.
Given the above discussion, we find it unnecessary to give a detailed explanation of our reliance on Morrison v. Miller, 452 So.2d 390 (La.App. 3rd Cir.1984). That case, in analyzing policy language identical to exclusion (h)(1) in the case sub judice, found that language totally without ambiguity. Under the facts of the instant case, we again have found the language unambiguous.
Finally, Mako questions whether this court intended to dismiss the cause of action based on a breach of the agreement to defend Mako’s by Nautilus. As we have already stated, even a liberal reading of the allegations in the instant matter clearly indicate that Nautilus did not provide coverage for the losses suffered herein. Accordingly, there was never a duty on Nautilus to defend this action. See American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), and Moreau v. Moran, 465 So.2d 202 (La.App. 3rd Cir.1985). Mako’s claim was properly dismissed along with all other claims. Any remaining contentions by applicants herein which have not been addressed by this court are considered so spurious as to not warrant serious discussion, specifically the allegations concerning due process violations.
Since we are rendering our opinion on the application forthwith, applicants’ requests for a stay is likewise denied.

Rehearing Denied.

Stay Denied.