SAUNDERS, Judge.
This is an appeal by Nicholas B. Mirza, III and Earline A. Mirza, plaintiffs and appellants herein, from a grant of summary judgment in favor of defendant and appellee, Hartford Insurance Company of the Southeast (Hartford).
After our review of the record and appellate briefs, we find no error in the judgment of the trial court granting Hartford’s motion for summary judgment and thus, we affirm.
FACTS
On April 27, 1991, petitioner, Earline Mir-za, was preparing for an outdoor wedding anniversary party at her home. While cleaning the spa in her backyard, she stepped through a piece of connected plywood which broke at the right upper side of the spa and sustained injuries.
This spa was purchased from defendant, Outdoor Leisure, Inc., now a defunct Louisiana corporation, on June 30, 1987. The spa and connecting outdoor decking were installed by Outdoor Leisure on July 1, 1987.
Defendant, Hartford, issued a commercial general liability policy to Outdoor Leisure who was, at that time, a viable Louisiana corporation. Said policy of insurance had an effective date of April 9,1987, and an expiration date of April 9, 1988.
On September 18, 1991, petitioners filed suit against Outdoor Leisure and its insurer, Hartford, alleging that the injuries sustained by Earline Mirza on April 27, 1991, were caused and/or contributed to by the negligence of defendant, Outdoor Leisure, because of the defective design of the spa and component parts.
Defendant, Hartford, filed a motion for summary judgment contending that the policy issued to Outdoor Leisure provided for coverage caused by an “occurrence” which must occur during the policy period. Since the expiration date of this policy was April 9, 1988, and the accident occurred on April 27, 1991, some three years later, Hartford contended that no coverage existed at the time of this occurrence.
A hearing was held on the motion for summary judgment on August 17, 1992, wherein the trial judge granted summary judgment in favor of defendant, Hartford, dismissing plaintiffs’ demands at their costs. It is from this ruling that plaintiffs appeal.
DISCUSSION
Plaintiffs appeal, asserting seven (7) assignments of error as follows:
1. The trial judge erred in holding that the accident of April 17, 1991, happened outside the expiration period of the policy.
2. The trial judge erred in holding that the Hartford policy provided coverage for “completed operations” for accidents during the policy period only.
3. The trial judge erred in not finding that the appellant had action for breach of the warranties of merchantability and fitness.
4. The trial court erred in not holding that the Hartford policy does not have language excluding actions for breaches of warranty of merchantability and fitness.
5. The trial court erred in granting summary judgment due to the ambiguity of endorsements in the insurance documents filed of record.
6. The trial court erred in not construing vague and ambiguous terms against Hartford Insurance Company.
7. The trial court erred in not finding that coverage existed under the medical payments provisions.
In these assignments of error, plaintiffs contend that the trial judge erred in holding that the accident of April 17, 1991, occurred outside of the expiration period of the policy and further erred in holding that the Hartford policy provided coverage for “completed *201 operations” for accidents occurring only during the policy period. We disagree.
The first pertinent portion of the policy issued by Hartford involves the insuring agreement on this commercial general liability policy. The policy reads in pertinent part as follows:
I. Insuring agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under SUPPLEMENTARY PAYMENT COVERAGES A & B.
This insurance applies only to “bodily injury” and “property damage” which occurs during the policy period. The “bodily injury” or “property damage” must be caused by an “occurrence”. The “occurrence” must take place in the coverage territory. We will have the right and duty to defend any “suit” seeking those damages ... (Emphasis ours.)
Under Item 9, the policy describes the word “occurrence” as an accident, including continuance or repeated exposure to substantially the same general harmful conditions. In Item ll.a on page 9, the policy further describes the “products-completed operations hazards” as follows:
II.a. “Products-Completed Operations Hazards” includes all “bodily injury” and “property damage” occurring away from premises you own or rent arising out of “your product” or “your work” except:
1. Products that are still in your physical possession; or
2. Work that has not yet been completed or abandoned.
We find that the cases of Oceanonics, Inc. v. Petroleum Distributing Company, 280 So.2d 874 (La.App. 3d Cir.1973), affirmed by the Louisiana Supreme Court at 292 So.2d 190 (La.1974); Prudential Property Cas. Ins. Co. v. Stuckey, 486 So.2d 352 (La.App. 3d Cir.1986); and State Farm Fire & Cas. Co. v. Avant, 404 So.2d 1311 (La.App. 2d Cir.1981), are controlling.
In the ease of Oceanonics, supra, the Third Circuit held that there was no coverage with respect to a claim against an insured because of an. allegedly defective weld on a crane boom performed during the policy period, where the collapse of the boom and the resulting property damage occurred more than two months after the policy period had expired.
In the instant case, the policy expired on April 9, 1988, and the accident occurred on April 27, 1991, some three years later. This policy specifically states that “[t]his insurance applies only to ‘bodily injury’ and ‘property damage’ which occurs during the policy period.” (Emphasis ours). In the absence of a conflict with statutes and public policy, insurers have the same rights as do individuals to limit their liability and to enforce whatever conditions they please upon their obligations. In such an event, unambiguous provisions in the insurance contract limiting liability must be given effect. Oceanonics, supra, 280 So.2d at 878.
In Prudential, supra, a fire occurred on January 13, 1982, which damaged a homeowner’s residence allegedly due to a defect in a brick fireplace. Plaintiff filed suit against the contractor and the contractor’s insurer, INA. The policy issued by INA expired in September of 1980. The Third Circuit affirmed the judgment of the trial court in favor of the insurer finding that the policy only afforded coverage for bodily injury and property damage for completed operations during the policy terms and that plaintiffs claim for bodily injury and property damage did not occur during the policy term, but well after the expiration of the policy term. (Emphasis ours). The court further stated that “[a] policy provision for completed operations coverage does not necessarily mean that the insurer has an obligation for coverage forever.” Prudential, supra, 486 So.2d at 358.
We feel that the policy issued by Hartford clearly and unambiguously states that “bodily injury” or “property damage” are covered only when such occurrences happen during the existence of the policy peri *202 ods. We, therefore, find that the policy at issue provided no coverage for plaintiffs’ loss.
According, we affirm the ruling of the trial court granting defendant-appellee’s, Hartford Insurance Company of the Southeast, motion for summary judgment.
Costs of this appeal to be paid by plaintiffs-appellants, Nicholas B. Mirza, III and Earline A. Mirza.
AFFIRMED.