[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 9, 1995
Third-party plaintiff Universal Machine Company, Inc. ("Universal") has brought this third-party action against the Third-party defendant Seaco Insurance Company ("Seaco") seeking damages for Seaco's refusal to defend and indemnify it under a commercial lines insurance policy issued to it by Seaco with respect to a lawsuit commenced against it by the plaintiff Virginia Flint (the "Flint lawsuit") claiming damages for bodily injury allegedly caused by the negligence of Universal. This third-party action was tried to the Court. Various documentary exhibits, including the subject policy and the complaint in the underlying lawsuit, were placed in evidence together with a Stipulation of Facts. No testimony was offered.
The complaint in the Flint lawsuit alleged that Universal's negligence arose out of work performed by Universal on a piece of machinery owned by Selmix-Alco Company. (Stipulation Par. 4.) Seaco admits the allegation in the third-party Complaint (Par. 22) that the Flint lawsuit was not a product liability claim.
The Flint lawsuit culminated in a stipulated judgment against Universal in the amount of $43,000, of which $33,000 was in favor of the plaintiff Flint, and $10,000 was in favor of her employer, the intervening plaintiff Selmix-Alco. (Stipulation Par. 10.) In addition, Universal incurred reasonable and necessary attorneys CT Page 984 fees and costs amounting to $30,000 in defense of that action. (Stipulation Pars. 11-13.) The parties agree that if the Court should rule that Seaco was obligated to defend, damages will consist of the amounts of the stipulated judgment and costs, totalling $73,000, under the rule of Missionaries of Co. ofMary. Inc. v. Aetna Casualty Surety Co., 155 Conn. 104,114 (1967).
Seaco in its pleaded Special Defense, relies on a policy exclusion in refusing to defend. Seaco concedes that absent applicability of this exclusion, it would have been obligated under the policy to defend and indemnify. The policy cover sheet describes Universal's business as a "machine shop. " The exclusion relied upon is set forth in an endorsement entitled "EXCLUSION PRODUCTS-COMPLETED OPERATIONS HAZARD," providing that it modifies the commercial general liability coverage part as follows:
 This insurance does not apply to "bodily injury" or "property damage" included within the "products — completed operations hazard."
"Products-completed operations hazard" is defined in Paragraph 11 of the Definitions section of the policy on page 8 thereof in pertinent part as follows:
 11.a."Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
 (1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned.
 b. "Your work" will be deemed completed at the earliest of the following times:
 (1) When all of the work called for in your contract has been completed.
(2) When all of the work to be done at the site has CT Page 985 been completed if your contract calls for work at more than one site.
 (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
 Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
As defined in the policy, this action implicates "work," not a "product." (See Definitions Paragraphs14-15, page 9.) The provisions relating to "work" comprise the "completed operations hazard" portion.
The terms of the policy, and in particular of the foregoing exclusion, are clear and unambiguous, leaving no room for construction. Griswold v. Union LaborLife Ins. Co., 186 Conn. 507, 513 (1982); Smedley Co.v. Employers Mutual Liability Ins. Co., 143 Conn. 510,513 (1956). The policy does not cover claims for bodily injury occurring off-premises arising out of completed work. Work done at a job site is deemed complete if put to its intended use (except by persons not here relevant). Completed work includes otherwise "complete" work requiring correction or repair. Unless Universal's work at the time of Flint's injury fell within the foregoing exception to the exclusion, Seaco had no obligation under the policy to indemnify.
The burden of proof that the injury complained of in the Flint lawsuit is within the purview of the policy exclusion is on Seaco. GR Tire Distributors. Inc. v.Allstate Ins. Co., 177 Conn. 58, 65 (1979). Based upon the limited evidence presented, the Court finds that Seaco has satisfied its burden. There is no evidence before the court indicating that Universal's "work" was otherwise than "completed" under the terms of the completed operations hazard exclusion. The evidence presented is to the contrary. Both the above cited Paragraph 4 of the Stipulation of Facts and the complaint in the Flint lawsuit, discussed in detail below, describe Universal's work in the past tense — as "performed" — as CT Page 986 of the date of the injury. Accordingly, Seaco had no duty to indemnify.
An insurer's duty to defend, however, has a broader aspect than its duty to indemnify. Smedley v. EmployersMutual Liability Ins. Co., supra, 516.
 The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend. On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required.[,] to defend.
Id., 516-17 (citations omitted).
Determination of whether the claim brought against Universal by the plaintiff Flint triggers the duty to defend requires review of three complaints filed by the plaintiff Flint in the Flint lawsuit. These are, in order, her initial Complaint, dated October 22, 1991 (Ptf. Ex. 2B); her Amended Complaint, dated June 18, 1992 (Ptf. Ex. 2C); and her Revised Amended Complaint, dated December 1, 1992 (Ptf. Ex. 2D). Each of these complaints refers to Universal's work in the past tense, as it relates to the December 5, 1990 date of her injury. Although paragraph numbers may differ, the relevant allegations in all three complaints are essentially the same. Accordingly, the Court will refer by paragraph number to the allegations contained in the final Revised Amended Complaint.
Paragraph 3 alleges performance on December 3, 1990 of a repair operation on the subject machine. Paragraph 5 alleges performance on various dates in October 1990 of a retrofitting procedure on the machine. CT Page 987 Paragraphs 6 and 7 allege performance on November 30 and December 3, subsequent to the retrofit procedure of repair work to correct an alleged malfunction. These allegations are insufficient to bring the complaint within the exception to the exclusion.
Moreover, Paragraphs 8-10 of the Revised Amended Complaint (as do corresponding paragraphs in the preceding complaints) clearly allege that at the time of her injury, Flint was operating the subject machine as part of her employment duties for her employer, Selmix-Alco. This use is squarely within the definition of excluded "completed work" set forth in Definitions Par. 11b(3) of the policy.
The complaint in the Flint lawsuit, therefore, alleges a liability which the policy does not cover. For purposes of the policy exclusion, Universal's work was "completed." This must be so unless the work should not be considered completed because Universal's workmanship was defective; "but so to construe the language of the excluding clauses would deprive them of all meaning and purpose." Smedley, supra, 518. Therefore, under the policy Seaco had neither the obligation to indemnify nor the obligation to defend.
Universal focuses upon the failure to warn allegation comprising one of the allegations of negligence set forth in Flint's complaint. These allegations essentially claimed defective workmanship. There were six such allegations in the initial complaint, and five in the succeeding ones. The failure to warn allegation remained the same in all three. As set forth as Paragraph 11d of the final Revised Amended Complaint, it reads as follows:
 d. In that the defendant failed to give any warning or notice to the plaintiff, of said unsafe and dangerous condition;
Universal asserts that this allegation states a claim that is not within the purview of the completed operations hazard exclusion primarily because it alleges a failure to act as distinguished from the defective performance of an act. In support of these assertions, CT Page 988 Universal relies on three Louisiana Court of Appeals decisions and two Pennsylvania Superior Court decisions.
The Louisiana cases are Cooling v. United StatesFidelity and Guaranty Co., 269 So.2d 294 (La.App. 3 Cir. 1971); Templet v. Goodyear Tire Rubber Co., Inc.,341 So.2d 1248 (La.App. 1 Cir. 1977); and AllstateInsurance Company v. Romero, 579 So.2d 1187
(La.App. 3 Cir. 1991). The Pennsylvania cases areHarwood Mutual Insurance Company v. Moorhead,578 A.2d 492 (Pa.Super. 1990), and Friestad v. TravelersIndemnity Co., 393 A.2d 1212 (Pa.Super. 1978). These cases are inapposite.
Cooling and Harwood involved failure of a product seller to give proper instructions on use of what could otherwise be a dangerous product. Templet also involved a product seller. Romero, the other Louisiana case, relied on Cooling in ruling that a claim of negligent omissions in installation of a furnace by what appeared to be a product seller was not precluded by a rather hybrid completed operations hazard exclusion. Both Louisiana cases are contrary to a line of Louisiana cases directly on point respecting defective workmanship holding that negligent omissions do not obviate the exclusion. See, e.g., State Farm Fire andCasualty Company v. Avant, 404 So.2d 1311 (La.App. 2 Cir. 1981) (failure to warn); Mut v. Newark InsuranceCompany, 289 So.2d 237 (La.App. 1 Cir. 1974) (failure to supervise and improper design); Oceanonics, Inc. v.Petroleum Distributing Company, 280 So.2d 2194
(La.App. 3 Cir. 1973) (failure to warn). At best, there appears to be a conflict among and within the various Louisiana circuits on this issue.
Friestad, supra, involved failure to warn. The policy exclusion was similar to that in the instant caseFriestad concerned property damage allegedly caused by the insured's faulty installation of a furnace manufactured and sold by a third party. The lower court had ruled in favor of the insurer on the basis of the product hazard exclusion. The Friestad court held that the completed operations hazard exclusion regarding work was the proper applicable exclusion, but remanded the case for factual determination of whether CT Page 989 the insured had paid for the coverage. Friestad supports Seaco's position.
Other cases holding that the completed operations hazard exclusion regarding workmanship is not negated by a failure to warn allegation include Weiss v.Bituminous Casualty Corporation, 50 Ill.2d 165319 N.E.2d 491 (1974), and American States Insurance Co.v. Aetna Life Casualty Co., 379 N.E.2d 510 (Ind.App. 1978), the latter involving a more inclusive exclusion. For the principle that an allegation of omission to act does not obviate a policy exclusion, see Gregory v.Tennessee Gas Pipeline Co., 948 F.2d 203 (5th Cir. 1991). Gregory held that a failure to warn claim was within the purview of a policy pollution exclusion.
The failure to warn allegation set forth in the Flint complaint relates to and is part of the defective workmanship claims upon which the complaint is founded. The policy exclusion applies. To hold otherwise would mean that in a case involving completed but allegedly defective workmanship, the completed operations hazard exclusion may be thwarted by an allegation that the subject insured failed to warn the complaining party that he had performed defective work. Such a construction would deprive the exclusion of all meaning and purpose. Smedley, supra, 518.
Judgment may enter on the third-party complaint in favor of the Third-party Defendant, Seaco Insurance Company.