KING, Judge.
Commercial Union Insurance Company (hereinafter CUIC) filed this suit seeking supervisory relief from a judgment of the trial court denying its Motion for Summary Judgment.
Allstate Insurance Company (hereinafter Allstate) and Nelson Gaspard (hereinafter Gaspard) filed suit against Leroy Romero, d/b/a Leroy’s Heating and Air Conditioning (hereinafter Romero) and his alleged general liability insurer, Casualty Reciprocal Exchange (hereinafter CRE), claiming that, due to Romero’s acts and omissions, Gaspard’s residence was totally destroyed by fire and CRE is liable. Romero and CRE answered and filed a third party demand alleging that CUIC issued a policy of general liability insurance to Romero covering the period of September 15, 1981, through September 15, 1982, which included the period of the alleged faulty installation and/or negligent acts or omissions. Allstate and Gaspard filed a supplemental and amending petition wherein CUIC was also named as defendant in the suit.
CRE and CUIC filed Motions for Summary Judgment which were denied by the trial court. Thereafter, CUIC filed a writ application which was granted by this court.
FACTS
Romero installed the furnace and air conditioning units in Gaspard’s residence on July 26, 1982. On March 13, 1987, a fire totally destroyed Gaspard’s residence. At the time of the installation of the furnace and air conditioning units, CUIC was the general liability insurer of Romero. At the time of the fire, CRE was Romero’s insurer. Allstate and Gaspard filed suit against Romero, CRE and CUIC. CRE and CUIC filed Motions for Summary Judgment, alleging that their policies did not provide coverage to Romero. Both motions were denied by the trial court. CUIC filed the present writ application to this Court.[1] CUIC’s application was granted by a divided panel. All proceedings were stayed and the trial court was ordered to provide this court with a transcript of those proceedings, so that the matter could be given a full hearing.
LAW
The denial of a motion for summary judgment is an interlocutory judgment which is not subject to appeal. La.C.C.P. art. 968. Thus, the only remedy is to request the appellate court to exercise its supervisory jurisdiction. Batson v. Time, Inc., 298 So.2d 100 (La.App. 1 Cir.1974), writ den., 299 So.2d 803 (La.1974).
CUIC argues that there is no coverage for the damage involved in the instant suit due to the exclusions contained in the insurance policy. CUIC sets forth that its insurance policy covered only property damage during the policy period, and any negligence of Romero would be included within the completed operations hazard exclusion of the insurance policy.
The insurance policy issued to Romero by CUIC provides, in pertinent part:
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
*1189 Coverage A. bodily injury or Coverage B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company’s liability has been exhausted by payment of judgments or settlements.”
The policy excluded liability for property damages included within the definition of “completed operations hazard”:
“ ‘completed operations hazard’ includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. ‘Operations’ include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or sub-contractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
The completed operations hazard does not include bodily injury or property damage arising out of
(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,
(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or
(c) operations for which the classification stated in the policy or in the company’s manual specifies ‘including completed operations’;”
The issue of the completed operations hazard exclusion was previously addressed by this court in Allstate Ins. Co. v. Casualty Reciprocal Exchange, 544 So.2d 556 (La.App. 3 Cir.1989), a supervisory writ filed by CRE, the other liability insurer for Romero. In that writ application this court determined that summary judgment was not proper as there existed a question of law. This court further stated that relator had an adequate remedy by appeal in the event of an adverse judgment.
Moreover, this court has previously held that the completed operations hazard exclusion did not exclude coverage for omissions or failure to make representations. ADA Resources v. Don Chamblin & Associates, 361 So.2d 1339 (La.App. 3 Cir.1978); Cooling v. United States Fidelity and Guaranty Co., 269 So.2d 294 (La.App. 3 Cir. 1971), writ ref’d, 272 So.2d 373 (La.1973).
Allstate contends that the negligence alleged in the instant case is made up of omissions. Therefore, since CUIC’s insured, Romero, was allegedly negligent by failing to perform his work properly, this negligence consists of omissions which are not excluded from coverage by the completed operations hazard exclusion. Thus, we find that the trial court was correct in denying CUIC’s Motion for Summary Judgment.
*1190 CUIC also seeks summary judgment stating that the loss was not covered under the general liability insurance policy because the policy only covered property damage which occurred during the policy period, i.e., September 15, 1981 to September 15, 1982. However, Gaspard’s first supplemental and amending petition for damages states that on or about July 26, 1982, CUIC had issued its general liability policy to Romero which policy was in effect at all times pertinent herein and provided coverage to Romero for all alleged claims. The insurance policy shows that it would expire in 1982, however, there is no attached affidavit stating that the insurance was not renewed or that this was the only period of insurance issued by CUIC which covered Gaspard. On the present record this is an unanswered question of fact.
The trial court judgment denying Commercial Union Insurance Company’s Motion for Summary Judgment is affirmed. There is no error in the ruling of the trial court. Costs of this writ application are to be taxed against Commercial Union Insurance Company.
WRIT RECALLED AND DENIED.
FORET, J., dissents and assigns reasons.
KNOLL, J., dissents for reasons assigned by FORET, J.

. In 1989, CRE filed a writ application to this Court. That application was denied. Allstate Ins. Co. v. Casualty Reciprocal Exchange, 544 So.2d 556 (La.App. 3 Cir.1989).