633 So.2d 866 (1994)
Lucinda CHARLES and Russell Charles, et al., Plaintiffs-Appellees,
v.
Lane LeBLANC, et al., Defendants-Appellants.
No. 93-871.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Rehearing Denied April 19, 1994.
*867 George J. Nalley Jr., David Allen Parsiola, New Orleans, for Lucinda and Russell Charles.
Paul Thomas Landry, New Iberia, for Lane LeBlanc et al.
H. Lee Leonard, Lafayette, for Essex Ins. Co.
William Martin Hudson III, Patrick Bayard McIntire, Lafayette, for State of Louisiana, Thru D.P.S.
Jimmy L. Dauzat, Opelousas, Edward O. Taulbee IV, Lafayette, for La. Farm Bureau Ins. Co., Triple V.
Charles J. Foret, Lafayette, for Hartford Ins. Co.
Michael A. Tomino Jr., Lafayette, for Bert Higginbotham.
Fred Melancon D/B/A Melancon I, for Fred Melancon D/B/A Melancon Ins. Agency.
Before GUIDRY, LABORDE and THIBODEAUX, JJ.
LABORDE, Judge.
Third party defendant, Essex Insurance Company, appeals summary judgment in favor of third party plaintiff, Bert Higginbotham, finding that Essex's insurance policy did provide coverage for Higginbotham. Finding no error on the part of the trial court, we affirm.

FACTS
The current controversy arises from an accident in which plaintiff Russell Charles alleges injuries as a result of an accident involving his operation of a truck and trailer hauling sugarcane. After initial discovery, plaintiff filed an Amended and Supplemental Petition naming as an additional defendant Bert Higginbotham, the welder who performed the inspections and welding on the trailer involved in the accident. When Higginbotham notified his insurer, Essex Insurance Company, of this pending litigation, Essex notified him that it would neither provide coverage nor defend him in the suit. Higginbotham then filed a third party demand against Essex to enforce its policy and compel Essex to provide a defense. *868 Higginbotham also sought reimbursement for attorney's fees, interest, and costs as a result of Essex's breach of contract.
In response, Essex filed an Answer to the third party demand and moved for summary judgment, seeking dismissal of the third party demand filed against it by Higginbotham. Higginbotham also filed a motion for summary judgment to enforce his policy and obtain counsel.
The trial court granted Higginbotham's motion for summary judgment with respect to Essex's obligation to provide a defense for its insured and further ordered Essex to pay Higginbotham reasonable attorney's fees, plus interest and court costs.
The trial court denied the motion for summary judgment filed by Essex, as well as the motion for summary judgment filed by Higginbotham regarding the issue of insurance coverage, which was deferred to a trial on the merits.
Essex suspensively appealed the judgment ordering it to defend Higginbotham and pay his attorney fees. The insurer further applied for supervisory writs as to the denial of its motion for summary judgment. The two claims have been consolidated on appeal as they involve the same issue, whether there existed coverage notwithstanding the "completed operations" exclusion of the policy issued to Bert Higginbotham.

LAW

I. Insurance Coverage
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, and answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Thornhill, supra. The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. In evaluating the proof presented, the court must closely scrutinize the papers supporting the mover's position and indulgently treat those filed in opposition; any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991).
In refusing to grant Essex's motion for summary judgment for lack of coverage under its policy, the trial judge relied on Allstate v. Romero, 579 So.2d 1187 (La.App. 3 Cir.1991). In Romero, the named insured installed a furnace and air conditioning units in Gaspard's residence in 1982. In 1987, a fire totally destroyed the Gaspard home. Commercial Union Insurance Company (CUIC), Romero's general liability insurer at the time of the installation of the units, argued that no coverage existed for the claim due to the completed operations exclusion in its policy. On appeal, this court found that the completed operations exclusion did not exclude coverage for omissions or failure to make representations.
Moreover, this court has previously held that the completed operations hazard exclusion did not exclude coverage for omissions or failure to make representations. ADA Resources v. Don Chamblin & Associates, 361 So.2d 1339 (La.App. 3 Cir.1978); Cooling v. United States Fidelity and Guaranty Co., 269 So.2d 294 (La.App. 3 Cir.1971), writ ref'd, 272 So.2d 373 (La. 1973).
Allstate contends that the negligence alleged in the instant case is made up of omissions. Therefore, since CUIC's insured, Romero, was allegedly negligent by failing to perform his work properly, this negligence consists of omissions which are not excluded from coverage by the completed operations hazard exclusion. Thus, we find that the trial court was correct in denying CUIC's Motion for Summary Judgment. *869 Id. at 1189. We find the case sub judice factually similar to Allstate v. Romero, as it involves allegedly negligent omissions of the defendant, Higginbotham, in repairing and inspecting the vehicle involved in the accident in the main demand.
The language of the policy in the case sub judice is identical to the Allstate policy language considered by this court in Romero:
"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,
(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
The completed operations hazard does not include bodily injury or property damage arising out of
(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,
(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or
(c) operations for which the classification stated in the policy or in the Company's manual specifies "including completed operations".
In his oral reasons for judgment, the trial judge stated that since at least some of the plaintiff's allegations involve omissions by defendant Bert Higginbotham, the completed operations exclusion of the Essex policy did not automatically preclude coverage.
We agree with that assessment. Paragraph 7 of the original petition states:

7.
The tractor and trailer involved in this accident contained serious, dangerous defects, which ultimately caused the accident which forms the basis of this litigation. These defects included but were not limited to faulty and improper welds of the frame and defective springs. Despite the presence of the defects in both the truck and trailer at the time of the inspection, Lane LeBlanc and/or Shane's Automotive negligently either failed to observe these defects and/or failed to require that those defects and problems be repaired and corrected prior to this truck and trailer being allowed to operate.[1] More germane to the present inquiry, Mr. Charles' Supplemental and Amending Petition for damages in which Higginbotham was made a party defendant alleges omissions on the part of Essex's insured:

IV.
Defendant, Burt Higginbotham, upon information and belief, was the welder who negligently serviced and performed the inspections and welding on the trailer involved in this accident made the basis of this suit. *870 The inspection was intended to make the trailer fit for use on the state roadways and said trailer contained serious and dangerous defects which were not seen and not repaired by defendant, Burt Higginbotham. Furthermore, the defects identified by Burt Higginbotham were repaired in a faulty, negligent and improper manner which caused the trailer to present an unreasonable risk of harm to the plaintiff. Defendant, Burt Higginbotham's faulty and improper inspection and repair of the trailer were a direct cause of the trailer overturning on October 31, 1989 and causing plaintiff's injuries.
In Romero, we construed the completed operations hazard exclusion as not excluding coverage for negligent omissions or failures to make representations, and we reiterate that position here. The trial judge was correct in denying Essex's motion for summary judgment. Genuine issues of fact persist; consequently, mover is not entitled to judgment as a matter of law.

II. Duty to Defend.
The trial court was also correct in granting Higginbotham's motion for summary judgment ordering defendant to defend him and pay attorney fees for its failure to defend. In Veillon v. U.S. Fire Ins. Co., 590 So.2d 1368 (La.App. 3 Cir.1991), we stated:
The obligation of an insurer to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). The allegations of plaintiff's petition determine the insurer's duty to defend suits brought against its insured. Clemmons v. Zurich General Accident & Liabil. Ins. Co., 230 So.2d 887 (La.App. 1st Cir.1969). The insurer is under a duty to defend its insured regardless of the outcome of the case if, assuming plaintiff's allegations are true, there is both coverage under the policy and liability to plaintiff. Bldg. Special. v. State Farm Mut. Auto. Ins., 440 So.2d 984 (La.App. 3rd Cir.1983). Unless plaintiff's petition unambiguously excludes coverage, the insurer is under a duty to defend its insured. Id.

Id. at 1371.
In light of our pronouncement above, itself only a reiteration of Allstate v. Romero, the trial court was correct in finding that Essex was required to discharge its obligation to provide a defense for its insured or be condemned to pay Higginbotham reasonable attorney's fees, interest, and court costs.

III. ATTORNEY FEES ON APPEAL
Higginbotham's brief also requests attorney's fees for defending this appeal. C.C.P. art. 2133 states that an appellee must file an answer to an appeal if he desires to have the judgment modified, revised, or reversed in part. An appellee who neither answers the appeal nor appealed from the trial court's judgment is not entitled to additional attorney's fees for legal services rendered on appeal. Lysinger v. Security Indus. Ins. Co., 488 So.2d 353 (La.App. 3 Cir.), writ denied 493 So.2d 638 (La.1986). Since appellee Higginbotham neither appealed nor filed an answer to appeal, he is not entitled to an award of attorney's fees for defending this appeal.

DECREE
The judgment of the trial court is affirmed. All costs assessed to appellant, Essex Insurance Company.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, Judge, dissenting.
There is no dispute that the loss in this case occurred away from the insured's premises and over one year following completion of the repairs to the trailer involved in the accident. Considering these undisputed facts, the Essex policy provides no coverage to Higginbotham because "completed operations" are specifically and unambiguously excluded in the policy. I respectfully disagree with this court's decision in Allstate Insurance Company v. Romero, 579 So.2d 1187 (La.App. 3rd Cir.1991) and would not follow same. In my opinion, the decision of the trial court and the majority in these consolidated matters totally ignores and, in effect, nullifies a contractual provision in an insurance contract which was voluntarily agreed *871 to by the insurer and the insured. I respectfully dissent.
NOTES
[1] At the time of the accident, Charles was a truck driver employed by defendant Triple V Farms, who owned and maintained the truck involved in the accident. The tractor and trailer had been inspected and certified by defendant Lane Leblanc, d/b/a Shane's Automotive, a certified inspector for the State of Louisiana, through the Department of Public Safety and Corrections, also made a defendant.